**CASE NO. 10-4115/10-4116**

IN THE UNITED STATE COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHASE BANK, USA, *et al.* | : | |
| | : | |
| Plaintiff-Appellants, | : | |
| | : | |
| vs. | : | |
| | : | |
| CITY OF CLEVELAND, | : | Appeal from Case No. |
| | : | 08-00514 in the U.S. Dist. |
| Defendant-Appellant. | : | Ct. for the Northern Dist. |
| | : | of Ohio |
| | : | |

**REPLY BRIEF OF
DEFENDANT-APPELLEE AND CROSS APPELLANT
THE CITY OF CLEVELAND**

Joshua R. Cohen (0032368)
jcohen@crklaw.com
**Cohen Rosenthal & Kramer LLP**
The Hoyt Block Building – Ste. 400
700 West St. Clair Avenue
Cleveland, Ohio 44113
(216) 781-7956 **(Telephone)**
(216) 781-8061 (**Facsimile**)

Robert J. Triozzi, Dir. (0016532)
rtriozzi@city.cleveland.oh.us
Gary S. Singletary (0037329)
gsingletary@city.cleveland.oh.us
**City of Cleveland Law Dept.**
Cleveland City Hall
601 Lakeside Avenue- Room 106
Cleveland, Ohio 44114
(216) 664-2800 **(Telephone)**
(216) 664-2663 **(Facsimile)**

Mark A. Stanton (007919)
hollie@mghslaw.com
**Short Shepherd & Stanton**
Rockefeller Building – Ste. 1300
614 Superior Avenue NW
Cleveland, Ohio 44113
(216) 687-0725 **(Telephone)**
(216) 664-6999 **(Facsimile)**

# TABLE OF CONTENTS

**Page**

TABLE OF CASES ................................................................... iv

TABLE OF OTHER AUTHORITIES .................................................... vi

INTRODUCTION................................................................... 1

LAW AND ARGUMENT.............................................................. 1

I.   The district court correctly held that it lacked subject-matter jurisdiction over the Plaintiffs' request for declaratory relief.   1

II.  The Plaintiffs' request for an injunction cannot create grounds for federal jurisdiction if they have no valid claim for this relief................................................................ 2

III. Cleveland's lawsuits do not constitute "regulation" that federal courts have jurisdiction to enjoin................................. 4

IV.  The Anti-Injunction Act prohibits the Plaintiffs from obtaining an injunction to block Cleveland's litigation in state court.................................................................... 6

     A.   The Anti-Injunction Act applies even when the targeted state proceedings raise "preemption" issues.... 6

     B.   The "Act of Congress" exception to the Anti-Injunction Act does not apply.............................................. 7

          1.   Since the Plaintiffs do not have a valid claim under § 1983, the statute does not permit them to bypass the Anti-Injunction Act..................... 8

          2.   The National Bank Act does not qualify as an exception to the Anti-Injunction Act................. 9

          3.   The Plaintiffs cannot defeat the Anti-Injunction Act by invoking the "removal statutes"................................................. 11

V.   The Plaintiffs lack standing to seek an injunction against further proceedings in Cleveland's federal lawsuit................ 12

# TABLE OF CONTENTS

**Page**

A.  Plaintiff JP Morgan Bank lacks standing to seek an injunction to stay Cleveland's federal lawsuit................  12

B.  The remaining Plaintiffs lack valid grounds to enjoin Cleveland's federal lawsuit................................  13

CONCLUSION ....................................................................  15

CERTIFICATE OF COMPLIANCE........................................  17

CERTIFICATE OF SERVICE................................................  18

**TABLE OF CASES**

Page

*Amalgamated Clothing Workers v. Richman Bros. Co.,*
348 U.S. 511 (1955).............................................................................. 8

*Associated Builders & Contractors v. Perry,*
16 F.3d 688 (6th Cir. 1994)................................................................. 13

*Atlantic Coast Line Rwy. v. Brotherhood of Locomotive Eng'rs,*
398 U.S. 281 (1970)........................................................................... 6,7

*Bank of Am. v. McCann,*
444 F. Supp. 2d 1227 (N.D. Fla. 2006)............................................... 10

*Bank of Am. v. Miller,*
CIV. S-06-1971 LKK/KJM,
2007 WL 184804 (E.D. Cal. Jan. 19, 2007)........................................ 10

*Capital One Bank (USA) v. McGraw,*
563 F. Supp. 2d 613 (S.D.W.Va. 2008).................................................. 9

*Cardinal Towing & Auto Repair v. City of Bedford,*
180 F.3d 686 (5th Cir. 1999).................................................................. 4

*State ex rel. Central Outdoor Advertising Co. v. Leonhard,*
  68 Ohio L. Abs. 542, 124 N.E.2d 187 (Ohio C. Pl. 1953)................. 4

*City of Cleveland v. Deutsche Bank Trust Co.,*
571 F. Supp. 2d 807 (N.D. Ohio 2008)............................................... 11

*Chick Kam Choo v. Exxon Corp.,*
486 U.S. 140 (1988)........................................................................... 7,8

*Courtney v. Smith,*
297 F.3d 455 (6th Cir. 2002),
*cert. denied,* 540 U.S. 814 (2003)........................................................ 12

*Cuomo v. Clearing House Ass'n,*
129 S.Ct. 2710 (2009)........................................................................ 10

*First Nat. Bank v. Marquette Nat. Bank,*
636 F.2d 195 (8th Cir. 1980),
*cert. denied,* 450 U.S. 1042 (1981)........................................................ 9

# TABLE OF CASES

**Page**

*Glitsch, Inc. v. Koch Engineering Co.,*
216 F.3d 1382 (Fed. Cir. 2000)............................................................ 14

*Hickey v. Duffy,*
827 F.2d 234 (7th Cir. 1987)................................................................ 3

*Mayor of the City of New York v. Council of the City of New York,*
4 Misc. 3d 151, 780 N.Y.S.2d 266 (2004)........................................... 4,5

*Midwest Media Prop. LLC. v. Symmes Twp.,*
503 F.3d 456 (6th Cir. 2007)............................................................... 12

*Mitchum v. Foster,*
407 U.S. 225 (1972)............................................................................. 8,11

*Moldowan v. City of Warren,*
578 F.3d 351 (6th Cir. 2009),
*cert. denied,* 130 S.Ct. 3504 (2010)................................................... 9

*Public Serv. Comm'n v. Wycoff Co.,*
344 U.S. 237 (1952)............................................................................. 2

*Reigel v. Medtronic, Inc.,*
552 U.S. 312 (2008)............................................................................ 6

*Rodriguez v. Tennessee Laborers Health and Welfare Fund,*
463 F.3d 473 (6th Cir. 2006)................................................................ 2

*Shaw v. Delta Air Lines,*
463 U.S. 85 (1983)............................................................................... 3

*Smith v. SEC,*
129 F.3d 356 (6th Cir. 1997)................................................................ 14

*Wachovia Bank v. Burke,*
414 F.3d 305 (2nd Cir. 2005),
*cert. denied,* 550 U.S. 913 (2007)....................................................... 9

*Wachovia Bank v. Watters,*
334 F. Supp. 2d 957 (W.D. Mich. 2004),
*aff'd,* 431 F.3d 556 (6th Cir. 2005),
*aff'd,* 550 U.S. 1 (2007)....................................................................... 9

## TABLE OF CASES

**Page**

*Wilcher v. City of Akron*,
498 F.3d 516 (6th Cir. 2007)...................................................................     13

## TABLE OF OTHER AUTHORITIES

**Page**

Ohio Rev. Code § 715.261 ....................................................................     5

12 U.S.C. § 484 ....................................................................................     10

28 U.S.C. § 2283....................................................................................     6,8

42 U.S.C. § 1983....................................................................................     8,9

## INTRODUCTION

The district court erred in holding that it had jurisdiction over the claim for injunctive relief presented by Plaintiff-Appellants and Cross-Appellees Chase Bank U.S.A., N.A., JP Morgan Bank, N.A., JP Morgan Acquisition Corp., and JP Morgan Securities, Inc. (the "Plaintiffs"). The Plaintiffs evade the essential fact that makes this so in their Response and Reply Brief.  Defects apparent on the face of the Amended Complaint doom the Plaintiffs' claim for an injunction.  Under the circumstances, the district court legitimately had before it only a claim for declaratory judgment, which (as the court correctly held) fell outside its subject-matter jurisdiction.

The district court should have dismissed the case in its entirety for lack of jurisdiction.  Defendant-Appellee and Cross-Appellant the City of Cleveland submits this Brief in support of its cross appeal, which presses this very point.

## LAW AND ARGUMENT

I.    **The district court correctly held that it lacked subject-matter jurisdiction over the Plaintiffs' request for declaratory relief.**

The Plaintiffs filed this lawsuit to validate federal preemption as a defense to state-law claims that Cleveland is pursuing in separate litigation.  The district court held that it lacked jurisdiction over the

Plaintiffs' claim to the extent it sought a declaratory judgment.  In their Response and Reply Brief, the Plaintiffs suggest that the district court based this holding on outdated dicta.  *See* RESPONSE AND REPLY BRIEF, pp. 11-12.

Yet in *Rodriguez v. Tennessee Laborers Health and Welfare Fund*, 463 F.3d 473 (6th Cir. 2006), the Court confirms the continued vitality of the principle that the Plaintiffs portray as obsolete – when a declaratory judgment claim addresses a defense to prospective claims, the substance of the "impending or threatened action" dictates whether a "federal question" exists for jurisdictional purposes.  *Id.* at 476-77, *citing Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 248 (1952).

Subject-matter jurisdiction therefore hinges upon the character of the underlying claim, not the defense.  *Rodriguez*, 463 F.3d at 477.  In this case, since the Plaintiffs were seeking to establish preemption as a defense to state-law claims, jurisdiction did not exist.

II.    **The Plaintiffs' request for an injunction cannot create grounds for federal jurisdiction if they have no valid claim for this relief.**

The Plaintiffs plainly could not establish jurisdiction if they had sued solely for a declaratory judgment.  But they have also requested an injunction to bar further proceedings in Cleveland's two lawsuits, one pending in Ohio state court and the other currently before the United

States Supreme Court on the City's petition for *certiorari*. *See City of Cleveland v. Ameriquest Mtg. Sec., et al.*, U.S. S. Ct. Case No. 10-915. The Plaintiffs cite case law that authorizes suits for "injunctive relief from state regulation, on the ground that such regulation is preempted" by federal law. *Shaw v. Delta Air Lines*, 463 U.S. 85, 96, fn. 14 (1983). This, they claim, takes this lawsuit outside the rule that negates jurisdiction over declaratory judgment claims pertaining exclusively to a federal defense. *See* RESPONSE AND REPLY BRIEF, pp. 6-7.

A plaintiff, however, should not have the opportunity

> to obtain federal jurisdiction by adding, to a complaint that does not establish such jurisdiction, a request for a remedy the court is forbidden to give.

*Hickey v. Duffy*, 827 F.2d 234, 240 (7th Cir. 1987). Accordingly, in a case such as this, if "the plaintiffs cannot obtain an injunction, then the complaint should be treated as if it contained only a request for a declaratory judgment." *Id.*

To establish federal jurisdiction, the Plaintiffs must demonstrate that they are suing to curb unconstitutional state "regulation" by requesting an injunction against Cleveland's two lawsuits. They must also show that no legal impediment bars them from seeking this relief. The Plaintiffs cannot satisfy these requirements.

III.    **Cleveland's lawsuits do not constitute "regulation" that federal courts have jurisdiction to enjoin.**

Cleveland's two lawsuits do not encompass state "regulation" that federal courts have jurisdiction to enjoin on constitutional grounds. Regulation generally involves efforts to "adjust, ... to govern by rule, method or established mode, to direct or manage according to certain standards." *State ex rel. Central Outdoor Advertising Co. v. Leonhard*, 68 Ohio L. Abs. 542, 124 N.E.2d 187, 189 (Ohio C. Pl. 1953). It typically involves a "comprehensive, independent code of ... conduct" or a "detailed scheme" that governs all participants in a particular industry or activity. *Mayor of the City of New York v. Council of the City of New York*, 4 Misc. 3d 151, 152-56, 780 N.Y.S.2d 266 (2004).

Regulation remains distinct from "proprietary" conduct, where a governmental entity acts in furtherance of its "own needs rather than those of society as a whole." *Cardinal Towing & Auto Repair v. City of Bedford*, 180 F.3d 686, 691 (5th Cir. 1999). When a city takes steps to "benefit [itself] financially," it is acting for proprietary rather than regulatory purposes. *See Mayor of the City of New York*, 4 Misc. 3d at 155.

Neither Cleveland's federal or state case is in any respect an enforcement action. The City has not sued to require compliance with a "comprehensive independent code of ... conduct." *Mayor of the City of New*

-4-

*York*, 4 Misc. 3d at 152-56.  And it is not prosecuting the defendants for violating any such discrete rules.

Instead, Cleveland is attempting to apply general common-law and statutory principles as a predicate to recovery of ordinary damages. Private litigants could for the most part assert the exact same claims, if they suffered their own particularized harm from the alleged wrongdoing.

As one claim in the state litigation, Cleveland has sued certain defendants under Ohio Rev. Code § 715.261 for the costs expended by the City in maintaining and demolishing abandoned properties belonging to the defendants themselves.  STATE COMPLAINT, ¶88-¶89[1]; *see also* RE#29, ¶5. The claim seeks strictly compensatory relief, based on nothing more than the defendants' ownership of the real estate in question.  The Plaintiffs severely contort the definition of "regulation" by putting the § 715.261 in this category.  They do likewise with respect to Cleveland's other claims.

The Plaintiffs do not change the calculus by citing the Supreme Court's observation that enforcement of common-law duties may function

---

[1]    The complaint from Cleveland's state lawsuit appears as an Appendix to the City's original Brief.

-5-

as a "potent method of governing and controlling policy." *Reigel v. Medtronic, Inc.* 552 U.S. 312, 324-25 (2008). *See* RESPONSE AND REPLY BRIEF, p. 34, fn. 39. Whatever merit this point may carry, it does not offset the Plaintiffs' inability to cite even a single case that treats a suit for damages as "regulation" that federal courts have jurisdiction to enjoin.

Cleveland is acting in a proprietary capacity in pursuing its two lawsuits – not "regulating." The cases do not constitute an appropriate subject for injunctive relief.

**IV. The Anti-Injunction Act prohibits the Plaintiffs from obtaining an injunction to block Cleveland's litigation in state court.**

**A. The Anti-Injunction Act applies even when the targeted state proceedings raise "preemption" issues.**

Even if the Plaintiffs were otherwise eligible to obtain an injunction, the Anti-Injunction Act would preclude them from enjoining the litigation that Cleveland is prosecuting in Ohio state court. The Act disallows federal courts from issuing injunctions against "proceedings in a State court." 28 U.S.C. § 2283.

This prohibition is "absolute," except in the case of circumscribed exceptions. *Atlantic Coast Line Rwy. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). "Any doubts" concerning the "propriety" of an injunction "should be resolved in favor of permitting the state courts to

proceed in an orderly fashion to finally determine the controversy." *Id.*
at 297.

Federal courts may not ignore the Anti-Injunction Act and enjoin
state litigation "merely" because it

> interfere[s] with a protected federal right or
> invade[s] an area pre-empted by federal law,
> even when the interference is unmistakably
> clear.

*Atlantic Coast Line*, 398 U.S. at 294. Instead, "when a state proceeding
[raises] a federal issue, ***even a pre-emption issue***, the proper course is to
seek resolution of that issue by the state court." *Chick Kam Choo v. Exxon
Corp.*, 486 U.S. 140, 146 (1988) (emphasis added).

The Plaintiffs have presented the Court with exactly this scenario.
In the Amended Complaint, they allege that the National Bank Act and
the corresponding regulations preempt the claims Cleveland is pursuing
in its state lawsuit [RE #29, ¶46-¶48].  The Anti-Injunction Act precludes
the Plaintiffs from blocking the state proceedings on this basis, regardless
of how "unmistakably clear" they regard this supposed "interference"
with federal law.  *Atlantic Coast Line*, 398 U.S. at 294.

B.    **The "Act of Congress" exception to the Anti-Injunction
Act does not apply.**

The Anti-Injunction Act permits federal courts to enjoin state-court

-7-

actions in instances where injunctions of this nature are "expressly authorized by Act of Congress."  28 U.S.C. § 2283.  The Plaintiffs contend that this statutory exception enables them to sidestep the Act.  In taking this position, they argue that 42 U.S.C. § 1983, the National Bank Act, and the "federal removal statutes" each countenance an injunction against further proceedings in Cleveland's state lawsuit.  *See* RESPONSE AND REPLY BRIEF, pp. 28-33.

A statute "expressly authorize[s]" injunctions against state litigation if it creates a "specific and uniquely federal right or remedy enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding."  *Mitchum v. Foster*, 407 U.S. 225, 237 (1972).  This and other "exceptions" to the Anti-Injunction Act "are narrow and are not [to] be enlarged by loose statutory construction."  *Chick Kam Choo*, 486 U.S. at 146 (internal quotation marks omitted).  The "prohibition" of the Act "is not be whittled away by judicial improvisation."  *Amalgamated Clothing Workers v. Richman Bros. Co.*, 348 U.S. 511, 514 (1955).

> 1. **Since the Plaintiffs do not have a valid claim under § 1983, the statute does not permit them to bypass the Anti-Injunction Act.**

Since the Plaintiffs do not have a viable claim under § 1983, this

-8-

"Act of Congress" does not enable them to bypass the bar imposed by the Anti-Injunction Act. Section 1983 does not itself create "substantive rights" but instead provides a "method for vindicating federal rights elsewhere conferred." *See Moldowan v. City of Warren*, 578 F.3d 351, 376 (6th Cir. 2009), *cert. denied*, 130 S.Ct. 3504 (2010). In this regard, the Plaintiffs base their § 1983 claim upon purported violation of their "rights" under the National Bank Act. *See* RESPONSE AND REPLY BRIEF, pp. 13-17.

The National Bank Act, however, does not create rights enforceable under § 1983. *Wachovia Bank v. Burke*, 414 F.3d 305, 321-24 (2nd Cir. 2005), *cert. denied*, 550 U.S. 913 (2007); *First Nat. Bank v. Marquette Nat. Bank*, 636 F.2d 195, 198 (8th Cir. 1980), *cert. denied*, 450 U.S. 1042 (1981); *Capital One Bank (USA) v. McGraw*, 563 F. Supp. 2d 613, 628-30 (S.D.W.Va. 2008); *Wachovia Bank v. Watters*, 334 F. Supp. 2d 957, 966 (W.D. Mich. 2004), *aff'd*, 431 F.3d 556 (6th Cir. 2005), *aff'd*, 550 U.S. 1 (2007). Section 1983 remains unavailable to the Plaintiffs, both as a basis for relief and as grounds for skirting the Anti-Injunction Act.

       2.    **The National Bank Act does not qualify as an exception to the Anti-Injunction Act.**

Just as the National Bank Act will not support the Plaintiffs' claim under § 1983, it also does not qualify as an "Act of Congress" exempted

from the Anti-Injunction Act.  In arguing otherwise, the Plaintiffs rely exclusively upon *Bank of Am. v. McCann*, 444 F. Supp. 2d 1227 (N.D. Fla. 2006), which holds that the National Bank Act permits a federal court to enjoin state lawsuits to the extent they intrude upon the federal government's exclusive "visitorial" power over national banks that the statute confers.  *Id.* at 1231, *citing* 12 U.S.C. § 484.  *See* RESPONSE AND REPLY BRIEF, pp. 29-30.

Other case law calls this rule from *McCann* into question.  *Bank of Am. v. Miller*, CIV. S-06-1971 LKK/KJM, 2007 WL 184804 at *3 (E.D. Cal. Jan. 19, 2007).  More significantly, in *Cuomo v. Clearing House Ass'n*, 129 S.Ct. 2710 (2009), the Supreme Court differentiated between "visitorial" conduct and the "non-visitorial act of su[ing] in the courts of the State."  *Id.* at 2718 (internal quotation marks omitted).  In other words, "normal civil and criminal" lawsuits in state court do not encompass "visitation" that violates the federal government's unitary authority under the National Bank Act.  *Id.*

The *Cuomo* decision negates the fundamental premise underlying *McCann* – while the National Bank Act provides for exclusive federal "visitorial" oversight, state litigation by definition does not encroach upon this authority and therefore cannot justify an injunction to stay such

-10-

proceedings.  The National Bank does not enable the Plaintiffs to avoid the prohibition of the Anti-Injunction Act.

3.    **The Plaintiffs cannot defeat the Anti-Injunction Act by invoking the "removal statutes."**

The "removal statutes" permit federal courts to enjoin state litigation under certain circumstances.  *See Mitchum*, 407 U.S. at 234.  The Plaintiffs, however, invoke this authority only in an emergency attempt to rescue their claim for injunctive relief from the Anti-Injunction Act.  In the Amended Complaint, the Plaintiffs neither allege nor intimate that Cleveland instituted its Ohio lawsuit in derogation of the "removal statutes."  Their effort to enjoin the state case rests upon wholly different grounds.

The Plaintiffs now tell the Court that Cleveland "responded to a removal of its state law claims by re-filing essentially the same claims in state court."  RESPONSE AND REPLY BRIEF, p. 31.  They do not reveal that the second state lawsuit included new claims not included in the original case, and named an entirely new set of defendants.

Cleveland had unsuccessfully tried to add one of the defendants – JP Morgan Chase Bank – in the removed federal lawsuit.  The district court denied the City leave to do so.  *See City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 823-24 (N.D. Ohio 2008).  It did not,

however, completely vanquish Cleveland's claims against JP Morgan Chase Bank, or forbid the City from pursuing them in some other forum – which is what Cleveland did in filing its state-court case.

Neither the "removal statutes" nor anything else forecloses the operation of the Anti-Injunction Act. The Plaintiffs have sued for an injunction that remains legally off-limits with respect to Cleveland's state litigation. The Plaintiffs cannot rely on this aspect of their case to establish federal jurisdiction.

V.    **The Plaintiffs lack standing to seek an injunction against further proceedings in Cleveland's federal lawsuit.**

A.    **Plaintiff JP Morgan Bank lacks standing to seek an injunction to stay Cleveland's federal lawsuit.**

As a non-party to Cleveland's federal lawsuit,[2] Plaintiff JP Morgan Bank lacks standing to sue for an injunction against further proceedings in that litigation. Standing represents a constitutional prerequisite to establishing federal subject-matter jurisdiction. *Midwest Media Prop. LLC. v. Symmes Twp.*, 503 F.3d 456, 460 (6th Cir. 2007). It requires the plaintiff to show some "injury in fact" attributable to the defendant. *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002), *cert. denied*, 540 U.S. 814 (2003).

---

[2]    The Amended Complaint discloses that JP Morgan Bank is not a party to the federal action [RE#29, ¶6].

"Injury in fact" must implicate a "legally protected interest." *Wilcher v. City of Akron*, 498 F.3d 516, 522 (6th Cir. 2007). The plaintiff, in other words, must have a "personal stake in the outcome" of the case. *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 691 (6th Cir. 1994).

JP Morgan Bank, however, possesses only spectator status with respect to Cleveland's federal lawsuit. As a non-party, it has no conceivable "personal stake in the outcome" of the litigation. *Associated Builders*, 16 F.3d at 691. The bank's lack of standing plainly defeats its claim to enjoin Cleveland's federal litigation.

### B. The remaining Plaintiffs lack valid grounds to enjoin Cleveland's federal lawsuit.

Chase Bank USA, JP Morgan Acquisition Corp., and JP Morgan Securities are parties to Cleveland's federal lawsuit. The Amended Complaint explicitly discloses that these three Plaintiffs moved for dismissal of the action on November 24, 2008. The district court granted this relief, albeit on grounds other than federal preemption. Cleveland's appeal of the ruling was still pending when the Plaintiffs filed the Amended Complaint [RE #29, ¶8-¶12].

The Plaintiffs cannot pursue an injunction against pre-existing litigation based on a defense they could have asserted and did assert in

-13-

the original case.  "[C]lear justification" must exist before one federal court may enjoin proceedings before another.  *Smith v. SEC*, 129 F.3d 356, 362 (6ᵗʰ Cir. 1997).  For instance, a court may enjoin a ***subsequently-filed*** case that is "on all fours" with its predecessor.  *Id.* at 361.  A federal court, however "abuses its discretion" by enjoining "another suit that is not truly duplicative of the suit before it."  *Id.*

Moreover, litigants' "recourse is to seek ... [an] appeal" when they disapprove of a decision rendered by a district court.  *See Glitsch, Inc. v. Koch Engineering Co.*, 216 F.3d 1382, 1384 (Fed. Cir. 2000) (discussing declaratory judgment claim).  "[I]t is not appropriate for the party to contest the court's order by filing a new action ... challenging ... [the] ruling in the first case."  *Id.*

Chase Bank USA, JP Morgan Acquisition Corp., and JP Morgan Securities are seeking an injunction in litigation that ***postdates*** the targeted lawsuit.  They are effectively trying to use this case to enforce a defense they raised in the original action.  This amounts to an attempted do-over of one aspect of a larger lawsuit which the Plaintiffs have already succeeded in convincing the trial court to dismiss.  The Plaintiffs could have appealed the exclusion of federal preemption as a basis for the

dismissal. They could not, however, sue for an injunction in a completely separate lawsuit.

The Plaintiffs' request to enjoin Cleveland's federal case is patently defective. Neither this nor any other aspect of the Plaintiffs' injunction claim creates an appropriate basis for federal subject-matter jurisdiction.

## CONCLUSION

For multiple reasons, the Plaintiffs' claim for injunctive relief fails on its face. The district court should have dismissed this aspect of the lawsuit for lack of jurisdiction, along with the Plaintiffs' claim for declaratory judgment. Accordingly, for the reasons discussed in this Brief and in Cleveland's original Brief, the Court should

- affirm dismissal of the lawsuit; but

- reverse the district court's denial of the City's Motion to Dismiss with respect to the request for injunctive relief.

/s/ - Joshua R. Cohen

Joshua R. Cohen (0032368)
jcohen@crklaw.com
**Cohen Rosenthal & Kramer LLP**
The Hoyt Block Building – Ste. 400
700 West St. Clair Avenue
Cleveland, Ohio 44113
(216) 781-7956 **(Telephone)**
(216) 781-8061 (**Facsimile**)

Robert J. Triozzi, Dir. (0016532)
rtriozzi@city.cleveland.oh.us
Gary S. Singletary (0037329)
gsingletary@city.cleveland.oh.us
**City of Cleveland Law Dept.**
Cleveland City Hall
601 Lakeside Avenue- Room 106
Cleveland, Ohio 44114
(216) 664-2800 **(Telephone)**
(216) 664-2663 **(Facsimile)**

Mark A. Stanton (007919)
hollie@mghslaw.com
**Short Shepherd & Stanton**
Rockefeller Building – Ste. 1300
614 Superior Avenue NW
Cleveland, Ohio 44113
(216) 687-0725 **(Telephone)**
(216) 664-6999 **(Facsimile)**

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 3,035 words, excluding the parts of the brief excepted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface using WordPerfect 14 with 12.5 point Book Antiqua font.

/s/ - Joshua R. Cohen
Joshua R. Cohen
Attorney for Appellee and Cross-Appellant

## CERTIFICATE OF SERVICE

I certify that on March 1, 2011, a copy of this Brief was served on counsel for the Plaintiffs-Appellants and Cross-Appellees by e-mail through the CM/ECF system.

/s/ - Joshua R. Cohen
Joshua R. Cohen
Attorney for Appellee and Cross-Appellant